[No. 7373. Decided August 17, 1908.]

JOHN KALBERG *et al.*, *Appellants*, v. GEORGE MEADE *et al.*,
*Respondents.*[1]

CANCELLATION OF INSTRUMENTS—CONTRACTS—RESCISSION—FRAUD
—EVIDENCE—SUFFICIENCY. The evidence is insufficient to warrant
the rescission and cancellation of an assignment of a contract for
city work, on the ground of fraud and misrepresentations as to the
value of a note given therefor and the inability of the assignee to
complete the work on time, where it appears that the note was per-
fectly good, no fraud was shown, and the contractors under the as-
signee were progressing rapidly with the work, which would be com-
pleted on time.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered December 16, 1907, upon find-
ings in favor of the defendants, in an action for rescission.
Affirmed.

*John S. Jurey*, for appellants.

*McClure & McClure*, for respondents.

MOUNT, J.—This action was brought by the plaintiffs to
rescind a contract between the plaintiffs and the defendants,
and also for injunctive relief. The trial court, after a trial,
made findings in favor of the defendants and entered judg-
ment accordingly. The plaintiffs have appealed.

It appears that the city of Seattle, on August 17, 1907,
entered into a contract with the appellants, by which the city
agreed to pay to the appellants approximately $52,000 for
making certain street improvements, the work to be completed
within two hundred and seventy days after the date of the
contract, and after direction by the board of public works to
the appellants to commence work under the said contract.
The appellants were required to, and did, give a bond to the
city in the sum of $78,000 for the faithful performance of the

[1]Reported in 97 Pac. 59.

contract. On August 17, 1907, the board of public works notified the appellants to commence work immediately under the contract. On August 10, 1907, before this contract had been executed, but after it had been let to the appellants, they assigned the same to the respondents by the following written agreement:

"This agreement, made the tenth day of August, A. D. one thousand nine hundred and seven, between Kalberg & Co., of the city of Seattle, county of King, and state of Washington, and Meade & Co., of the same place, WITNESSETH:

"That the said Kalberg & Co., agree to sell, and do hereby sell, to the said Meade & Co., all their right, title, interest and property in and to one certain contract entered into by and between the City of Seattle, a municipal corporation of the first class, and Kalberg & Co., under date of —————— 1907, for the improvement of 13th Avenue et al. South, in the city of Seattle, county of King, and state of Washington, by grading, under ordinance No. 15,117 of said city of Seattle, creating local improvement district No. 1387.

"In consideration whereof the said Meade & Co. agree to pay unto the said Kalberg & Co. the sum of three thousand ($3,000) dollars, lawful money of the United States, on the .... day of ........ 190.... The said Meade & Co. agree to take over and assume said contract and to faithfully perform each and every condition and requirement contained therein, and the said Meade & Co. also agree to assume the bond to be given for the faithful performance of said contract, and to save the said Kalberg & Co. free and harmless from any and all liability or expenses of any kind or nature whatsoever; said bond to be in the sum of $78,000."

When this assignment was executed, the respondents executed and delivered to appellants their promissory note for $3,000, due in nine months, with interest at the rate of eight per cent per annum, and the appellants executed and delivered their note to the respondents for $180, the agreement being that the $3,000 was to be paid when the street improvement contract with the city was completed. The $180 note was to offset interest for that length of time. After this as-

signment was made, the respondents procured a bond in the sum of $78,000 for the faithful performance of the contract assigned to them, and delivered this bond to appellants. After this assignment was made, the respondents sublet all the work to different parties at prices which would net the respondents about $8,000. The city took no formal notice of the assignment of the contract by the appellants to respondents or to the other subcontractors, but recognized the rights of each subcontractor to do the actual work. Some two or three months after these written agreements were signed, the subcontractors proceeded with the work, and the city engineer, who under the original contract was authorized to direct the progress of the work and to whose satisfaction the work should be done, thinking that the contract required the work to be completed within two hundred and ten days instead of two hundred and seventy days, notified the appellants to proceed more rapidly with the work, and the appellants contend that they notified the respondents to the same effect. Respondents, however, dispute this. At any rate, in October, 1907, appellants sought to rescind the assignment above set out, and offered to return to respondents the note for $3,000, and attempted to exclude the respondents and their subcontractors from further prosecuting the work. Respondents resisted, and this action was begun.

The complaint alleges, that the respondents falsely represented to appellants that the note for $3,000 was good and could be cashed, when in fact it could not be cashed and was of no value, and that appellants relied on such representations and were thereby induced to enter into the assignment of the contract, and were thus cheated and defrauded; that the bond given by the respondents to the appellants was of no effect; that the respondents failed to enter upon the work or to prosecute the same as required by the contract and by the city engineer; that the city was about to cancel the contract with the appellants, and that in case of such cancella-

tion the appellants, under the laws of the city, would be ineligible to procure city work thereafter for a period of two years, and thus they would be irreparably injured. These allegations were all denied.

If we concede in this case that the appellants may maintain this action in equity for a rescission of the contract, notwithstanding they required the respondents to execute a bond with sureties and received the bond and made no objection thereto, still we are satisfied from a reading of the evidence that the appellants wholly failed to make a case in any particular. No fraud was shown. The note appears to be perfectly good, and the respondents amply able to meet it when it becomes due. The evidence was in conflict as to whether the respondents, at the time they executed the note, represented that the same could be cashed immediately. The evidence shows that notice was served upon the respondents by the city engineer to proceed more rapidly with the work. But this notice was given under a misapprehension of the time within which the contract was to be completed. It also appears that the work was progressing rapidly at the time the appellants attempted to interfere with the respondents, and that the entire contract would be completed readily within the time limited by the contract. Nor was any action taken by the city looking to a cancellation of the original contract, except the notice above referred to, given under a misapprehension of the time of the contract. Several propositions of law are argued in appellants' brief, but the case, as we conceive it, depends entirely upon questions of fact. We are unable to find in the record sufficient evidence to sustain the allegations of the complaint, or any reasonable basis for a contention that the court erred in any of its findings or conclusions.

The judgment must therefore be affirmed.

Crow, Root, Rudkin, and Dunbar, JJ., concur.